# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MOHAMMAD AMER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>   v.<br><br>COLLECTION ASSOCIATES LTD. and BCG EQUITIES LLC,<br><br>        Defendants. | Case No.: 20-cv-1104<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Mohammad Amer is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff debts incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt arose from a consumer transaction that included agreements to defer payment.

6. Defendant Collection Associates, LTD ("Collection Associates") is a debt collection agency with its principal offices at 225 S. Executive Drive, Suite 250, Brookfield, Wisconsin 53005-4257.

7. Collection Associates is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Collection Associates is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Collection Associates is licensed as a "Collection Agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg 74.

10. Collection Associates is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

11. Defendant BCG Equities, LLC ("BCG") is a domestic limited liability company with its principal office located at 225 South Executive Drive, Suite 201, Brookfield, WI 53005, which is the same building as the principal office of Collection Associates.

12. BCG and Collection Associates are entities related by common ownership and control.

13. BCG is engaged in the business of collecting debts, in that it purchases and receives assignment of consumer debts that are in default at the time BCG acquires them.

14. BCG uses third-party debt collectors to collect consumer debts originally owed to others and currently held by BCG. BCG, directly or indirectly, is a debt collector under this arrangement. 15 U.S.C. § 1692a(6).

15. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services

2

which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

16. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Tepper v. Amos Fin., LLC,* 898 F.3d 364, 371 (3d Cir. 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties."); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *Torres v. LVNV Funding LLC*. 2018 U.S. Dist. LEXIS 49885, at *13-15 (N.D. Ill Mar. 27, 2018); *Hordge v. First Nat'l Collection Bureau, Inc.*, 2018 U.S. Dist. LEXIS 132435, at *12-13 (S.D. Tex. Aug. 7, 2018); *Meola v. Asset Recovery Solutions*, 2018 U.S. Dist. LEXIS 139101, at *13-18 (E.D.N.Y. Aug. 15, 2018).

17. Upon information and belief, the primary purpose of BCG's business, and BCG's principal purpose, is the collection of consumer debts.

18. Debt purchasers, including BCG, are also debt collectors as a matter of Wisconsin law. On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

19. Wis. Stat. § 427.103(3) defines debt collector:

Any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme,

3

intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms.

(emphasis added).

20.     At a minimum, debt buyers like BCG engage in debt collection indirectly through their servicing agents. *See, e.g., Mitchell v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 206440 *16 ("'[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them,' and that '[d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money'" (citing Pl.'s Reply Br.)).

21.     The WCA's debt collection chapter applies to all persons collecting, either directly or indirectly, consumer debts, including merchants collecting debts owed to themselves.

22.     The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

23.     The Wisconsin Department of Financial Institutions ("DFI") has likewise observed that merchants and creditors are "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

24.     In addition to mail and telephone communications, BCG also regularly uses Wisconsin courts in its debt collection activities. A general search on Wisconsin Circuit Court Access ("CCAP") for "BCG Equities" returns an error message indicating that the "query returned

too many results." Upon information and belief, all or almost all of the cases involving BCG involve collection actions filed on behalf of BCG against Wisconsin consumers.

25. BCG is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

26. A company meeting the definition of a "debt collector" is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf).

## FACTS

27. On or about December 11, 2019, Collection Associates mailed a debt collection letter to Plaintiff referencing an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

28. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, used only for personal, family, and household purposes.

29. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

30. Upon information and belief, Exhibit A is a form debt collection letter used to attempt to collect alleged debts.

31. Exhibit A identifies the creditor to whom the debt is owed in a false, deceptive, misleading, and confusing manner.

32. Exhibit A states:

> Account of: Bcg Equities, Llc
> Original Creditor: Genesis Bankcard Ser

5

33. Exhibit A states that it is collecting an "Account of: Bcg Equities, Llc" with "Original Creditor: Genesis Bankcard Ser" but fails to clearly identify any other creditor or indicate whether the purported "Original Creditor" maintains an interest in Plaintiff's alleged debt.

34. Upon information and belief, the creditor of the debt on the day Exhibit A was mailed is BCG.

35. The Seventh Circuit found that a debt collector did not clearly identify the creditor of the debt as Chase Bank when it mailed a letter with the header "RE: CHASE BANK" because the "letter did not communicate clearly on whose behalf Client Services was trying to collect the debt." *Steffek v. Client Servs.*, 948 F.3d 761, 765 (7th Cir. 2020).

36. The Seventh Circuit explained that, in light of the letter's instruction that the consumer should tender payment without actually identifying Chase Bank as the current creditor of the debt, "a recipient could reasonably understand [the letter] as implying that Client Services itself was then the creditor." *Steffek*, 948 F.3d at 765.

37. In another case, the Seventh Circuit recently found that a debt collection letter stating that it was collecting a debt on behalf of "CLIENT: PAYPAL CREDIT" and "ORIGINAL CREDITOR: Comenity Capital Bank" clearly identified the current creditor as Comenity Capital Bank. *Smith v. Simm Assocs.*, 926 F.3d 377, 379 (7th Cir. 2019).

38. The plaintiff in *Smith* argued that the unsophisticated consumer would be confused as to whether the debt was owed to the "original creditor" or the debt collector's "client." 926 F.3d at 381.

39. The Seventh Circuit found that the letter in *Smith* clearly identified the original creditor as the current creditor because it "identifie[d] a single 'creditor,' as well as the commercial

6

name to which the debtors had been exposed, allowing the debtors to easily recognize the nature of the debt." 926 F.3d at 381.

40. The Seventh Circuit explained that "even accurate technical terminology—'transfer' or 'assignee'—can be confusing to an unsophisticated consumer and can violate § 1692g(a)(2), which requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand." *Smith*, 926 F.3d at 381.

41. At first glance, Exhibit A is similar to the letter in *Smith* because it identifies only one "creditor." However, upon information and belief, the "original creditor" in this case has no interest in the debt's receivables because it has sold those receivables outright.

42. As the Seventh Circuit explained in *Smith*, even if the statement that the debt is an "Account of: Bcg Equities, LLC" is accurate, it does not clearly communicate that the original creditor has assigned the debt outright to BCG and that BCG is the sole creditor to whom the debt is owed.

43. Confusing and misleading representations about the name of the creditor or that leave open the possibility that the debt collector may be the current creditor are material misrepresentations because they create the potential for fraud or double-payments. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 324-25 (7th Cir. 2016); *Steffek*, 948 F.3d at 766 ("an original account number, just like 'RE: CHASE BANK,' says nothing about who owns the debt today.").

44. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis.

Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor v. Alltran Fin., LP*, No. 18-cv-306, 2018 U.S. Dist. LEXIS 159862, at *7-11 (S.D. Ind. Sept. 19, 2018); *Africano-Domingo v. Miller & Steeno, P.C.*, No. 19-cv-401, 2020 U.S. Dist. LEXIS 7887, at *15-18 (N.D. Ill. Jan. 16, 2020).

45. The representation that the debt is an "Account of" BCG does not clearly identify BCG as the current creditor of the debt. An unsophisticated consumer reviewing Exhibit A would have no idea whether the "Original Creditor" ("Genesis Bankcard Ser") continued to maintain an interest in the "Account of" BCG, whether BCG had taken assignment of the debt outright and placed the debt with Collection Associates for collection purposes only, or whether the "Original Creditor" had assigned the debt to BCG, who had in turn assigned the "Account of" BCG to Collection Associates. *See, Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132-33 (E.D.N.Y. 2007).

46. Plaintiff was misled and confused by Exhibit A.

47. The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

67. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v.*

*Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

68. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

69. Misrepresentations of the character, amount or legal status of any debt, including language confusing or obscuring purported settlement offers, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.,* 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

70. 15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

71. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

72. 15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

11

73. 15 U.S.C. § 1692g(a) requires that debt collectors disclose certain information to consumers, including the amount of the debt and the identity of the creditor to whom the debt is owed, and with respect to this information, "[t]he standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." *Foti v. NCO Fin. Sys.*, 424 F. Supp.2d 643, 666-67 (S.D.N.Y. 2006); *Blarek v. Encore Receivable Mgmt.*, No. 06-c-0420, 2007 U.S. Dist. LEXIS 22549, at *48-49 (Mar. 27, 2007) ("what constitutes a failure to properly name a creditor under § 1692g(a)(2) and what constitutes a false representation of the creditor name under § 1692e(10) are necessarily interrelated."); *see also Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 371 (7th Cir. 2018) ("whether the statement was misleading under § 1692e 'goes hand-in-hand with whether the amount of the debt has been accurately disclosed' under § 1692g(a)(1).").

## *The WCA*

48. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

49. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

50. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

51. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the

12

WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

52. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

53. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

54. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

55. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*; *see also, Schmitz v. Valentine & Kebartas, LLC*, No. 18-cv-15, 2019 U.S. Dist. LEXIS 209489, at *6 (E.D. Wis. Dec. 5, 2019).

13

56. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

57. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct … in such a manner as can reasonably be expected to threaten or harass the customer."

74. The Wisconsin Department of Financial Institutions, which is tasked with the regulation of licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I – FDCPA

75. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

76. The representation that the debt is an "Account of" BCG does not clearly identify BCG as the current creditor of the debt. An unsophisticated consumer reviewing Exhibit A would have no idea whether the "Original Creditor" ("Genesis Bankcard Ser") continued to maintain an interest in the "Account of" BCG, whether BCG had taken assignment of the debt outright and placed the debt with Collection Associates for collection purposes only, or whether the "Original Creditor" had assigned the debt to BCG, who had in turn assigned the "Account of" BCG to Collection Associates. *See, Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132-33 (E.D.N.Y. 2007).

77. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

14

## COUNT II – WCA

78. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

79. The representation that the debt is an "Account of" BCG does not clearly identify BCG as the current creditor of the debt. An unsophisticated consumer reviewing Exhibit A would have no idea whether the "Original Creditor" ("Genesis Bankcard Ser") continued to maintain an interest in the "Account of" BCG, whether BCG had taken assignment of the debt outright and placed the debt with Collection Associates for collection purposes only, or whether the "Original Creditor" had assigned the debt to BCG, who had in turn assigned the "Account of" BCG to Collection Associates. *See, Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132-33 (E.D.N.Y. 2007).

80. Defendants violated Wis. Stat. §§ 427.104(1)(g) and 427.104(1)(h).

## CLASS ALLEGATIONS

81. Plaintiff brings this action on a Class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between July 20, 2019 and July 20, 2020, inclusive, (e) that was not returned by the postal service.

82. The Class is so numerous that joinder is impracticable.

83. On information and belief, there are more than 50 members of the Class.

84. There are questions of law and fact common to class members, which common questions predominate over any questions that affect only individual class members.

85. The predominant common question is whether the Defendant complied with the FDCPA and WCA.

86. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

87. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

88. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

89. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 20, 2020

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com

bslatky@ademilaw.com